United States District Court
Southern District of Texas

**ENTERED**

March 17, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BROADUS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00350 |
| | § | |
| CITY OF TEXAS CITY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

On October 22, 2025, Plaintiff Christopher Broadus instituted this action against eight officers of the Texas City Police Department ("TCPD"), in their individual and official capacities, and the City of Texas City.[1] The operative pleading is Plaintiff's First Amended Complaint, in which Broadus asserts several claims under 42 U.S.C. § 1983: (1) Fourth Amendment unreasonable seizure; (2) Fourth Amendment unreasonable search; (3) Fourteenth Amendment violation of medical privacy and informational due process; and (4) municipal liability against the City. *See* Dkt. 11.

The facts of Broadus's case are simple. On December 28, 2023, TCPD officers initiated a traffic stop when the vehicle that Broadus was driving registered as stolen based on a license-plate-reader ("LPR") alert. During the stop, Defendant Vela "contacted the rental company associated with the vehicle identified by the LPR alert," who "requested only recovery of the vehicle" and did not seek criminal charges. *Id.* at 5. Despite the rental car company's disinterest in pressing criminal charges, officers searched Broadus's vehicle, and Vela "claimed to have located marijuana and a digital scale inside the vehicle." *Id.* at 8. Officers subsequently arrested Broadus. Broadus contends that the inventory search of his vehicle and

---

[1] The eight TCPD officers are Defendants Eric Vela (incorrectly named as "Velo"), Juan Vazquez, Zachary Bright, Michael Kelemen, Brandon Shives, Richard Dricks, and TCPD Chief of Police Landis Cravens.

his subsequent arrest violated his Fourth Amendment rights to be free from unreasonable search and seizure.

At some point during the arrest and transport, Vela allegedly told Broadus's girlfriend that Broadus had herpes. *See id.* at 9. Broadus contends that this disclosure violated his Fourteenth Amendment right to medical privacy and informational due process.

Vela is the only officer against whom Broadus makes specific allegations. Broadus seeks to hold the remaining officers liable based on their failure to intervene. Broadus also seeks to hold the City liable based on its alleged failure to train and supervise. Defendants moved to dismiss all claims on February 12, 2026, arguing that Broadus fails to state a claim against them, and that the eight officers are all entitled to qualified immunity. *See* Dkt. 17. Broadus's response to Defendants' motion to dismiss was due on March 5, 2026. Broadus, who is represented by counsel, has not responded to Defendants' motion to dismiss.

At the risk of stating the obvious, no constitutional violation is committed when officers stop and search a vehicle that has been reported stolen and then arrest the driver of the reportedly stolen vehicle. According to his own allegations, Broadus was stopped and searched "on the basis of a [LPR] alert indicating that the vehicle had been reported stolen." Dkt. 11 at 4. Broadus does not contest that the LPR alert provided probable cause to stop the vehicle that he was driving, making the stop lawful. Rather, Broadus believes that the traffic stop should have ended after the rental car company's representative told Vela that the company would not press charges. Yet, "[Broadus] cites no authority, and [I am] aware of none, that a complainant's desires affect the probable cause analysis." *Davis v. City of Andrews*, 850 F. App'x. 281, 282 (5th Cir. 2021). "A person present in a stolen automobile at the time of the search may not object to the lawfulness of the search of the automobile." *Byrd v. United States*, 584 U.S. 395, 409 (2018) (cleaned up). Thus, the traffic stop and the subsequent search of the reportedly stolen vehicle that Broadus was driving were supported by probable cause and lawful, as was

Broadus's subsequent arrest.[2] Broadus presumably did not respond to Defendants' motion to dismiss in recognition of this basic legal proposition.

As for Broadus's Fourteenth Amendment claim, I will assume for the sake of argument that Vela violated Broadus's right to medical privacy and informational due process when Vela "*falsely* stated to [Broadus]'s girlfriend that [Broadus] had herpes, despite the absence of any medical documentation or disclosure by [Broadus]." Dkt. 11 at 13 (emphasis added). Even so, to overcome Vela's claim to qualified immunity, Broadus must show: "(1) that [Vela] violated a statutory or constitutional right, *and* (2) that the right was *clearly established* at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (emphasis added) (quotation omitted). Even if I assume that Vela violated Broadus's right to medical privacy and informational due process, Broadus cannot show that such a right was clearly established at the time of the challenged conduct.

A right is clearly established only if relevant precedent has "placed the statutory or constitutional question beyond debate." *Id.* at 741. "There is no Fifth Circuit authority on what types of disclosures are personal enough to trigger the protection of the confidentiality branch, and, as the Third Circuit notes, 'the contours of the confidentiality branch are murky.'" *Zaffuto v. City of Hammond*, 308 F.3d 485, 490 (5th Cir. 2002) (quoting *Scheetz v. The Morning Call, Inc.,* 946 F.2d 202, 206 (3d Cir. 1991)), *on reh'g in part*, 313 F.3d 879 (5th Cir. 2002). "In order for liability to be imposed on public officials, . . . the right the official is alleged to have violated must have been clearly established in a *more particularized,* and hence more relevant, sense." *Wyatt v. Fletcher*, 718 F.3d 496,

---

[2] Broadus acknowledges that Vela "claimed to have located marijuana and a digital scale inside the vehicle." Dkt. 11 at 8. Broadus complains that the "alleged digital scale is not visible on body-worn camera footage and was inconsistently documented in reports and evidence records." *Id.* Yet, Broadus makes no allegations regarding the veracity of Vela's claim that he found marijuana in the reportedly stolen vehicle that Broadus was driving. Whether there was marijuana in the vehicle that Broadus was driving, however, is ultimately irrelevant. The facts show that Broadus was driving a reportedly stolen vehicle—that alone gave the officers probable cause to stop, search, and arrest Broadus.

3

506 n.14 (5th Cir. 2013) (quotation omitted). The Fifth Circuit has held that no constitutional right to privacy is violated when a state correctional officer shows nude photographs of an inmate's wife to other inmates. *See Davis v. Bucher*, 853 F.2d 718, 721 (5th Cir. 1988). Nor is a student's constitutional right to privacy violated by "the unauthorized disclosure by school coaches of a student's sexual orientation to the student's mother." *Wyatt*, 718 F.3d at 505–06. It is Broadus's burden to provide this court with specific authority establishing that his constitutional right to privacy was violated when Vela falsely told Broadus's girlfriend that Broadus had herpes. Broadus has failed to point this court to such authority. Accordingly, Vela is entitled to qualified immunity on Broadus's Fourteenth Amendment claim that his rights to medical privacy and informational due process were violated.[3]

As for the remaining officers, Broadus seeks to hold them liable based solely on their failure to intervene. *See* Dkt. 11 at 6, 11, 12. Broadus also seeks to hold the City liable for the officers' actions. Because, as discussed above, Broadus has not established a constitutional violation, his claims against the remaining officers and the City must be dismissed. *See Davis*, 850 F. App'x at 282.

Defendants' motion to dismiss (Dkt. 17) is granted. I will issue a final judgment separately.

SIGNED this 17th day of March 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] Broadus's allegations that Vela provided *false* information to Broadus's girlfriend are better suited to a defamation claim. *See Zaffuto*, 308 F.3d at 491 ("Federal cases limiting the scope of the confidentiality branch suggest that the proper remedy for less serious privacy violations is state tort law.").